IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOKIO MARINE AND FIRE INSURANCE *
CO., LTD. *
                                         *

    Plaintiff                   *
                                         *    Civil No. 96-2073(SEC)
    v.                       *
                                         *

INTERNATIONAL SHIPPING AGENCY, *
INC., et. al. *
                                         *

    Defendants              *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Pending before the Court is plaintiff's motion for the entry of default or appropriate sanctions against defendant Puerto Rico Electric Power Authority ('PREPA') for failure to comply with the Court's discovery orders **(Docket #92)**, as well as a sealed supplementation to said motion **(Docket #96)**.

This is an action filed by Tokio Marine and Fire Insurance Co., Ltd ('Tokio Marine') in subrogation of the rights of its insured, Mitsubishi Motor Sales of Caribbean, Inc. ('Mitsubishi') upon making payments to Mitsubishi for the damages sustained by two shipments of approximately 980 vehicles while they were under temporary storage in a lot owned and operated by defendant International Shipping Agency Inc. ('Intership') and Van Storage and Services, Inc. ('Van Storage')

The Court issued an order on June 18, 1999 **(Docket #82)** in which it granted plaintiff's sixth motion for sanctions, imposing sanctions against PREPA in the amount of $1,000.00. In said order, the Court made the following finding:

> Throughout this litigation, defendant PREPA has incurred in extraordinary, non-excusable delay in complying with plaintiff's discovery requests; moreover, it has repeatedly ignored this Court's orders to comply with pending discovery requests,



**Civil No. 96-2073(SEC)** 2

upon penalty of sanctions.**(Docket #74)** The Court does not believe that PREPA's constant turnover of counsel and misplacement of the case files justify its delay. **(Docket #82, page 2).**

We also ordered PREPA to comply with plaintiff's pending discovery requests within fifteen days of the order, and clearly stated that "PREPA will be subject to continuing sanctions if it fails to comply with the Court's order." **(Docket #82, page 3).**

On August 23, 1999 plaintiff filed a motion requesting that the Court enter default against PREPA, or in the alternative, that we impose sanctions as well as costs and attorney's fees for PREPA's continued failure to fully comply with the Court's June 18, 1999 order **(Docket #92).** On September 10, 1999, plaintiff supplemented the above-mentioned motion with further evidence that PREPA has failed to provide all the requested discovery materials as ordered by the Court **(Docket #96).**

In its motion, plaintiff states that "[a]s of this date PREPA has prevented plaintiff from access to important evidence of its liability. PREPA has been successful in preventing plaintiff from taking meaningful depositions of PREPA's representatives and witnesses and has significantly affected the ability of plaintiff to prove PREPA's liability in a highly technical case." **(Docket #92, page 7).**

We agree with plaintiff's assessment that "PREPA has been highly obstinate by repeatedly violating multiple discovery orders of this court." We thus find that sanctions are once again warranted, pursuant to the authority vested in a district court in the management of cases by the First Circuit Court of Appeals in Legault v. Zambrano, 105 F.3d 24 (1st Cir. 1997).

In light of the above discussion, the Court hereby imposes a sanction upon PREPA in the amount of **Ten Thousand Dollars ($10,000.00)** to be filed with this Court **within fifteen (15) days of this order.** See Fed.R.Civ.P. 37(c)(1). In addition, the Court also **grants** plaintiff attorney's fees

**Civil No. 96-2073(SEC)**                                                                                   3

and costs that have been incurred as a result of the discovery disputes and the filing of motions to compel discovery. Plaintiff should submit, **within the next ten (10) days**, a motion detailing the costs and attorney's fees incurred as a result of this issue.

As discussed in the status conference attended by the parties on even date, PREPA must supply all pending discovery to plaintiff as soon as possible and parties must file a Joint Discovery Plan by **October 8, 1999**. All discovery must be concluded by **December 15, 1999**.

The Court warns that once again, PREPA will be subject to continuing sanctions if it fails to comply with the Court's discovery orders.

**SO ORDERED.**

In San Juan, Puerto Rico, this __14TH__ day of September, 1999.

SALVADOR E. CASELLAS
United States District Judge

AO 72A
(Rev.8/82)